**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | |
| **LUIS FRANCISCO DAVILA ROSADO** | **CASE NO. 09-01687 BKT** |
| **CARMEN LIDIA BARRETO GONZALEZ** | **CHAPTER 13** |
| **Debtor(s)** | **ADVERSARY NO. 10-00055** |
| **LUIS FRANCISCO DAVILA ROSADO** | |
| **CARMEN LIDIA BARRETO GONZALEZ** | |
| **Plaintiff** | |
| **MUNICIPIO AUTONOMO DE CAROLINA, et als.** | **FILED & ENTERED ON 03/28/2013** |
| **Defendant(s)** | |

## OPINION AND ORDER

The motions currently before the court are Debtors' Motion for Reconsideration (Dkt. No. 91) as to the order issued on July 24, 2013 (Dkt. No. 86) which amended the previous order dated October 12, 2012 (Dkt. No. 66), Defendant's Opposition to Reconsideration (Dkt. No. 97) and Debtors' Reply to the Opposition to Reconsideration (Dkt. No. 98). In essence, Debtors request that the court reconsider its July 24, 2012 order pursuant to Fed. R. Civ. P. 59(e).  For the reasons set forth below, Debtors' Motion for Reconsideration is hereby DENIED.

**I. Factual Background**

On June 9, 2011, this court granted Debtors' motion for summary judgment and denied the Municipality of Carolina's cross motion for summary judgment (Dkt. No. 58). The Debtors' were subsequently ordered to file a detailed billing statement of attorney's fees related to the captioned adversary proceeding and any other costs and expenses associated therewith. After several motions were filed by both parties, Debtors' were eventually awarded costs and expenses only in the amount of $79.09 and their request for attorneys' fees was denied (Dkt. No. 86). Debtors have now filed a

reconsideration as to the denial of their request for attorney's fees, which was opposed by the Municipality and then replied to by the Debtors.

**II. Discussion and analysis**

   **A.  Reconsideration:**

In seeking reconsideration, "the moving party must either clearly establish a manifest error of law or must present newly discovered evidence." Marie v. Allied Home Mortgage Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005) (quoting Pomerleau v. W. Springfield Pub. Sch., 362 F.3d 143, 146 n.2 (1st Cir. 2004)). The First Circuit in Marie also cited a leading treatise, highlighting the following four grounds for granting a motion for reconsideration under Fed. R. Civ. P. 59(e): (1) manifest errors of law and fact; (2) newly discovered or previously unavailable evidence; (3) manifest injustice; and, (4) an intervening change in controlling law.  402 F.3d at 7 (citing 11 C. Wright et al., Federal Practice & Procedure § 2810.1 (2d ed. 1995)).  Under Rule 59, reconsideration of a judgment is an extraordinary remedy, which is used sparingly and only when the need for justice outweighs the interests set forth by a final judgment. The underlying policy of reconsideration is to provide a court with a means to correct its own errors. White v. New Hampshire Dept. of Employment Sec., 455 U.S. 445, 450 (1982). Rule 59(e) does not exist to allow parties a second chance to prevail on the merits.  Harley-Davidson Motor Co. v. Bank of New England-Old Colony, N.A., 897 F.2d 611, 616 (1st Cir. 1990).  Indeed, Rule 59(e) is not an avenue for litigants to reassert arguments and theories that were previously rejected by the Court.  Id. at 616.

Similarly, a party cannot use a Rule 59(e) motion to cure its own procedural failures or to introduce new evidence or advance arguments that could and should have been presented originally to the court. Aybar, et al. v. Crispin–Reyes, 118 F.3d 10, 16 (1st Cir.1997). The rule is that Rule 59(e) motions are to be "aimed at reconsideration, not initial consideration." Harley-Davidson Motor

Co., Inc. v. Bank of New England-Old Colony, N.A., 897 F.2d 611, 616 (1st Cir. 1990). See also, Nat'l Metal Finishing Co. v. Barclays American/Commercial, Inc., 899 F. 2d 119, 123 (1st Cir. 1999) (Rule 59 (e) does not allow the losing party to rehash old arguments, previously considered and rejected). Thus, parties should not use Rule 59(e) motions to raise arguments which could and should have been made before judgment issued.  Id (quoting Federal Deposit Ins. Corp. v. Meyer, 781 F.2d 1260, 1268 (7th Cir.1986)). "Motions under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence . . . [t]hey may not be used to argue a new legal theory." Id.

In the Motion for Reconsideration, Debtors rehash the arguments set forth in their original Reply to Opposition to Plaintiff's Statement of Attorney's Fees and Costs (Dkt. No. 82), which were initially unconvincing to the court and remain so. Debtors have failed to establish any manifest error of law or present newly discovered evidence that would put this court in a position to reconsider its previous determinations.   Accordingly, this Court finds that Debtors are not entitled to reconsideration.

**B.  Imposition of attorney's fees:**

Rule 44.1 of the 2009 Rules of Civil Procedure of Puerto Rico establishes that "… Should the Commonwealth of Puerto Rico, its municipalities, agencies or instrumentalities have acted recklessly or frivolously, the court shall impose in its judgment an amount for attorney's fees, except as expressly exempted by law for payment of attorney fees."  As a rule, in cases of collection of money and damages against the state or municipalities, there shall not be an imposition of attorney fees for recklessness. The prohibition of payment applies only to those cases. Colondres Vélez v. Bayrón Vélez, 114 D.P.R. 833 (1983), y Ortiz y otros v. Municipio de Lajas, 153 D.P.R. 744 (2001).

Law 81, August 30, 1991, 21 L.P.R.A. 4705, article 15.005, as amended on September 7, 2004, "Ley de Municipios Autónomos," prevents the imposition of attorney's fees in a claim against the state, municipality, agency or instrumentality. The law states: […] *Judgment entered against any municipality in accordance with § 4703 of this title shall in no case include payment of interest for any period prior to the judgment, nor shall it award punitive damages or impose attorney's fees.* The Supreme Court of Puerto Rico in <u>Ortiz y Otros v. Municipio de Lajas</u>, 153 D.P.R. 744 (2001), expressed, "*Furthermore, we conclude that it is unnecessary to impose attorney fees under Rule 44.1 of Civil Procedure and that municipalities are exempt in damages claims.*"

Debtors' interpretation of 11 U.S.C. §106, of the Code is erroneous in that it disregards sections 106(4) and (5), which contain limitations on the application of the statute. Section 106(4) states that the judgment against a governmental unit shall be consistent with appropriate non-bankruptcy law, and section 106(5) prohibits the creation of a substantive claim that would not exist in non-bankruptcy law. As a rule, state law prevails under Article III of the U.S. Constitution over Article I. <u>Stern v. Marshall</u>, 131 S. Ct. 2594 (2011) <u>reh'g denied,</u> 132 S. Ct. 56 (U.S. 2011).

Debtors' reconsideration motion fails to demonstrate new evidence or make a new argument that has not been addressed previously in the case. Furthermore, the arguments are not based on applicable law. The payment of attorney's fees in a claim for monetary damages against the state, its agencies, instrumentalities and/or municipalities is regulated by state law and when bankruptcy law conflicts with substantive state law, state law prevails. The payment of attorney's fees as a monetary damage claim against the state can only be awarded in cases that fall under the exception of the law. The Code specifically prevents a ruling inconsistent with non-bankruptcy law (state law) and prevents the court from creating any substantive claim for relief not otherwise existing under non-bankruptcy law (state law).

**III. Conclusion**

WHEREFORE, IT IS ORDERED that Debtors' motion for reconsideration shall be, and hereby is, DENIED.

**SO ORDERED.**

**San Juan, Puerto Rico, this 28 day of March, 2013.**

**Brian K. Tester**
**U.S. Bankruptcy Judge**